IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Arkeyo, LLC,                          )
                                      )
          Plaintiff,                  )
                                      )
     v.                               ) No. 19 CV 8112
                                      )
                                      )
Saggezza, Inc.,                       )
                                      )
          Defendants.                 )

Order

In November of 2024, I granted defendant Saggezza, Inc., summary judgment on all counts of plaintiff's complaint and entered judgment in defendant's favor.[1] The complaint claimed that defendant violated the Defendant Trade Secrets Act, infringed plaintiff's copyrights, and committed various state law torts when Saggezza UK -- defendant's partially owned, British subsidiary -- developed and sold coin-counting software to plaintiff's erstwhile customer, Metro Bank, PLC, a company likewise organized in the United Kingdom. Plaintiff had previously provided the software for Metro Bank's coin-counting machines, but plaintiff's software "became outdated, lacked adequate security protections, and did

---

[1] In the same order, I denied plaintiff's cross-motion for partial summary judgment.

not include remote management features that Metro Bank desired,"
leading Metro Bank to replace plaintiff with Saggezza UK. Order of
11/21/24, ECF 143, at 4.

Persuaded that misconduct was afoot, plaintiff challenged its
ouster in a series of legal actions spanning three jurisdictions
and assert broadly similar claims against defendant, Metro Bank,
and a company called Cummins Allison Corporation, which provided
the physical coin-counting machines at issue.[2] In this case, my
review of the parties' summary judgment arguments and the copious
evidentiary record persuaded me that plaintiff had failed to
identify sufficient evidence to enable a jury to hold defendant
either directly or vicariously liable for the misconduct alleged
in the complaint. Two motions are currently pending. In one,
plaintiff asks me to alter or amend the judgment. In the other,
defendant seeks the attorneys' fees and costs it expended in
defending against plaintiff's claims. For the following reasons,
I deny plaintiff's motion and grant defendant's.

Although plaintiff purports to bring a motion under Fed. R.
Civ. P. 59(e) to alter or amend the judgment, the document filed
at ECF 156, which plaintiff labeled "SEALED MOTION by Plaintiff
Arkeyo LLC *Motion to Modify or Amend Judgment Pursuant to FRCP*

---

[2] *See Arkeyo, LLC v. Cummins Allison Corp.,* No. 16-cv-4720 (E.D.
Pa.); *Arkeyo, LLC v. Metro Bank PLC*, No. 18-cv-01012 (E.D. Pa.);
*Arkeyo, LLC v. Metro Bank PLC*, Case No IL-2022-000039 [2022] EWHC
(Ch) (Eng.).

*59(e),*" is merely a reproduction of plaintiff's L.R. 56.1 statement dated October 31, 2022, which it filed in support of its motion for summary judgment. (The public version of this "motion," filed at ECF 152, is a one-page placeholder that reads, "MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR MODIFICATION AND AMENDMENT OF THE COURT'S NOVEMBER 21, 2024 JUDGMENT AND ORDER: FULLY REDACTED.") Plainly, neither of these filings satisfies the Rule 59(e) standard requiring either "newly discovered evidence" or "a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Plaintiff's reply confirms that its motion is based entirely on rehashed arguments and evidence I previously found deficient.

In the end, plaintiff's frivolous motion to alter or amend the judgment serves only to substantiate defendant's argument in support of its motion for attorneys' fees and costs that plaintiff has needlessly multiplied the proceedings with baseless arguments. Plaintiff's response to defendant's motion for fees and costs is no exception. To begin, plaintiff suggests that attorneys' fees are not appropriate because my summary judgment decision somehow did not resolve the merits of plaintiff's claims. Plaintiff describes that decision as determining merely, "as a threshold matter," that defendant "was not the proper party for Arkeyo to have sued." ECF 165 at 2. *See also id.* at 7 ("the Court did not rule substantively on the merits of Arekyo's copyright claims" but

concluded "that Arkeyo had not shown grounds to sue Saggezza, Inc. as opposed to Saggezza, Inc.'s foreign subsidiaries."). This is a serious mischaracterization of my decision. For one thing, nothing in my decision suggests that the record substantiated any claim against defendant's "foreign subsidiaries." To the contrary, I noted, for example, that plaintiff "identifie[d] no evidence suggesting that anyone at Saggezza UK, Saggezza India, or defendant accessed the Arkeyo Software Source Code." ECF 143 at 5-6.

For another, my decision plainly addressed the merits of plaintiff's claims. After examining plaintiff's summary judgment submissions, I concluded not only that its evidence failed to substantiate its asserted facts[3] but also that its arguments failed to explain how those facts—even if they were proven—supported its claims. *See* ECF 143 at 10 (concluding that "[o]n top of...serious evidentiary shortcomings, plaintiff's argument offers neither legal authority nor reasoned analysis to explain how the disparate acts it identifies support its claims[.]" In other words, I determined that the claims had no factual or legal basis. That my discussion did not proceed on a claim-by-claim basis reflects the broad deficiency of plaintiff's claims; it does not suggest that

---

[3] In this connection, I considered plaintiff's argument that defendant had spoliated evidence that plaintiff deemed relevant to its claims and concluded that it lacked merit.

my decision was based on any "threshold" issue unrelated to the merits.

In the main, plaintiff's response to the motion for fees and costs merely reiterates plaintiff's view of the strength of its claims -- a view I have already rejected -- to argue that it pursued these claims (and indeed, continues to do so) in good faith. But plaintiff fails to respond meaningfully to the contrary arguments defendant raises in its motion. For example -- and it is just one of many -- plaintiff fails to address defendant's argument that plaintiff's trade secret claims were objectively unreasonable given undisputed evidence that plaintiff made the very software it claims was a trade secret available to the public on its website for over a year, and failed to implement even minimal security protocols to safeguard its supposed trade secrets. These facts alone sink plaintiff's trade secret claims. *See Learning Curve Toys, Inc. v. PlayWood Toys, Inc.,* 342 F.3d 714, 722 (7th Cir. 2003) (trade secret must be "sufficiently secret to impart economic value because of its relative secrecy" and plaintiff must take affirmative measures to protect its secrecy).

Moreover, plaintiff's claimed trade secrets included its "Graphical User Interface" and other executable components of its software that were necessarily shown to end-users and are thus outside the scope of trade secret protection. *IDX Sys. Corp. v. Epic Sys. Corp.,* 285 F.3d 581, 584 (7th Cir. 2002) ("things that

5

any user or passer-by sees at a glance are readily ascertainable by proper means…and a trade-secret claim based on readily observable material is a bust") (internal quotation marks and citation omitted).

As the above observations make clear, even assuming that plaintiff initiated its claims in good faith, it should have become apparent to plaintiff in the course of discovery that the evidence did not bear them out. Yet, plaintiff pursued its claims well beyond the point at which the writing was on the wall. That is not the hallmark of good-faith litigation. Attorneys' fees are thus appropriate under the standard courts apply to trade secret claims. *See e.g., Tradesman Int'l, Inc. v. Black*, 724 F.3d 1004, 1016 (7th Cir. 2013) (reversing denial of attorneys' fees).

Even had plaintiff's approach been less vexatious, defendant would still be entitled to attorneys' fees under § 101 of the Copyright Act of 1976, codified at 17 U.S.C. § 505:

> Unlike many fee-shifting statutes, which entitle prevailing plaintiffs to recover fees as a matter of course but allow prevailing defendants to recover fees only if the suit was frivolous, § 505 treats both sides equally and allows an award in either direction. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). Since *Fogerty* we have held that the prevailing party in copyright litigation is presumptively entitled to reimbursement of its attorneys' fees.

*Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008). Plaintiff's response to the motion offers no reason to

6

depart from § 505's presumption in favor of awarding fees to defendant as the prevailing party.

This leaves only the question of whether the attorneys' fees and costs defendant claims are reasonable and appropriate. Plaintiff raised no objection to the specific amounts claimed, and my review of the materials defendant offers in support confirms that they are reasonable under the circumstances of the case. Accordingly, defendant's motion for attorneys' fees in the amount of $492,794.00 and $203,451.26 in costs is granted. Defendant may also recover reasonable fees and costs incurred in responding to plaintiff's frivolous Rule 59(e) motion based on appropriate supporting materials filed on or before March 17. To the extent defendant seeks additional amounts as a punitive measure, its request is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: March 6, 2025

7